Cox, J.
These are seven cases brought to recover from Ratterman, Treasurer of Hamilton County, Ohio, taxes paid under protest. -Three of the cases were brought by plaintiffs below, who are brewers, to recover taxes paid by them on. amounts, as they claim, illegally added by the Board of City Equalization to their sworn returns to item b of sec. 12 of the form *503 as furnished by the Auditor. The other four are for similar suits for similar reasons, brought by merchants to recover taxes paid by them under protest on amounts claimed to be illegally added to their returns by the Board of Equalizaton.
Under item b of sec. 12, as “the value of all tools, implements, engines and machinery used and designed to be used in manufacturing, except such as are appraised as part of the realty,”
Niehaus & Klinkham returned ............ ®--
To this the Board added....................... 3,000 00
Herman Laekman returned................... 7,356 38
The Board added................................. 10,000 00
John Kauffman returned........................ 6,000 00
The Board added......................... 8,000 00
In all these seven cases, judgments were rendered for plaintiffs below against the treasurer, and at request of parties the court made a finding of the facts and law,-which is the basis of error prosecuted in this court to reverse the judgments.
In the case of the brewers, the court finds as facts, that these returns, under oath, were made as charged, and that afterward The City Board of Equalization, for the year 1886. made the following entry on its minutes:
“The following additions made by the Board to the brewers, are made under article 12, item b, on cooperage and machinery :
To return of Niehaus & Klinkham.......... $ 3,000 00
“ Herman Laekman ............. 10,000 00
“ John Kauffman................. 8,000 00
That each of the parties in December, 1886, before the 20th, gave to the treasurer’s cashier, at his office, the following protest in writing :

“To the Treasurer of Hamilton County, Ohio :

“The undersigned protest against the addition of $-(naming the amount of each) to its personal returns of 1886, by the Board of Equalization, and pay the taxes thereon under protest.”
Each protest signed by the attorney for the party.
*504 That thereupon they each paid one-half of the taxes in December, 1886, and the other one-half in June, 1887, the written protest to the whole still remaining with the treasurer.
As a matter of law the court finds in each case—
1st. That the statement upon the minutes of the Board of Equalization does not set forth the facts on which said addition was made, and therefore said addition is illegal.
2d. That said taxes were paid under protest, and that each plaintiff shall recover the amount of taxes paid on such addition.
In the four cases by merchants, their sworn returns were as follows, on sec. 10:
Kahn, Sturm & Co. returned.................. $--
Added by Board................................. 3,000 00
J. & L. Seasongood returned................... 10,650 00
The Board added................................ 5,000 00
Wm. Glenn & Sons returned.................. 101,000 00
The Board added................................ 5,000 00
The minutes of the Board in these cases state, “ That the City Board of Equalization for the year 1886 made the following entry upon its minutes : “ The following chattel citations were heard, and the following additions were made.”
Mack, Stadler & Co., returned $25,192.08.
In this case the entry on Board minutes was as follows : “ Citations 4, Mack, Stadler & Co., added $10,000.00.
“ September 6th, 1886, Mr. Stedman, a member of the Board of Equalization, made a motion that the $10,000.00 added to the chattel return of Mack, Stadler & Co. in minutes of July 19th, 1886, be reduced to $5,000.00. This amount was then added on the duplicate. In each of these cases the court finds, as a question of law, “That the statement upon the minutes of the board does not set forth the facts on which said addition was made, and therefore that said addition is illegal, and that payments were made under protest.” It is claimed for plaintiff in error, that the entry on the minutes of the Board of Equalization was sufficient under the statute, and that the payments of the taxes were voluntarily *505 made and not under duress, and therefore the judgment of the court below should be reversed.
The returns of personal property subject to taxation, and its value, is left by the law,’first to the owner or custodian, subject to be re-examined and added to, or diminished by proper proceedings under the law. Until such proceedings are had, the return made by the owner under oath is prima facie correct, and should be so placed on the duplicate. Rev. Stats., sec. 2740. The manner ofj correcting the return of the assessor made either on his own view, or on the sworn statement of the owner or custodian, is committed to the Board of Equalization under section 2807,"’¿Revised Statutes, which provides as foilows : Additions or deductions may be made by the board on “ such evidence as shall be satisfactory to the board.” “When any addition shall be ordered to be made to any list returned under oath, a statement of the facts on which such addition was made shall be entered on the journal of the board.”
“ This addition should be made on evidence satisfactory to the board, and not arbitrarily or without evidence or knowledge of the fact.” 35 Ohio St. 396; 5 Weekly Law Bulletin, 863; 7 Id. 35.
“A statement of facts^on which such addition is made shall be entered on the journal of the board.” This is mandatory. Fratz v. Mueller, 35 Ohio St. 398. The same term is here used as in the necessary form of a petition.
Sec. 5061, Rev. Stats. “ A petition shall contain a statement of the facts constituting the cause of action.”
Bouvier defines “ a fact ” to be an action, a thing done, a circumstance.
And “ if law is a rule of action, the fact is the action shown to have been done.”
Chitty, 1st Pleading, 245. ■“ A circumstance necessary to constitute the cause of complaint or ground of defense.” “ The dry allegation of the fact.” “ Not the evidence adduced to prove the fact; nor yet the conclusion of fact is of any legal effect or significance.” 35 Ohio St. 307.
It is claimed in this case that the statement of fact on the journal is the same as that sustained by the Supreme Court in Fratz v. Mueller, 35 Ohio St. 398.
Davidson & Hertenstein, County Solicitors, for plaintiff in error.
Wm. M. Ampt, for defendant in error.
The entry in that case was that the “return was, in view of the facts considered, insufficient and below the actual value of the property.”
This was held by the court to answer the requirement of the statute, and of course we are bound by that decision, but we think the court went to the very verge in so deciding, and we are not disposed to extend it further. There are no such facts stated on the journal in this case. The only allegation is in regard to the Brewers. “ The following additions made by the Board to the Brewers are made under article 12, item b, on Cooperage and Machinery ”; and in regard to the merchants, “ The following chattel citations were heard, and the following additions were made.” No fact is alleged here except the fact that they have made additions to returns, but it does not pretend to state the facts upon which the additions were made, as the law requires.
Something is due to the tax-payer whose money is to be taken in the shape of taxes. If his sworn return is erroneous, the Board constituted by law to correct that error should, in all fairness, state on the journal specifically upon what facts they made additions to what he has sworn he owns, and its value, so that if an error be inadvertently committed by the Board, he may have it corrected in the most expeditious and least expensive manner. The facts should be stated clearly, so that the officers or court to whom are committed the reviewing of the acts of the Board of Equalization should be able on an inspection of the record to see whether the facts therein stated, are such as to legally justify the action taken by the Board.
We are of the opinion that the judgdment of the court . below was correct, and should be affirmed.